## Glickman v. Cornett Lewis Coal Co.

March 9, 1943.

R. S. Rose for appellant.

E. L. Morgan for appellee.

Opinion of the Court by Judge Cammack—Affirming.

524

Isaac Glickman, plaintiff below, is challenging the correctness of the action of the trial judge in granting a peremptory instruction in favor of the Cornett Lewis Coal Company at the conclusion of his evidence. The petition charged false imprisonment, which the Company denied. Glickman, an itinerant merchant, went upon the property of the Company for the purpose of collecting some accounts from its employees. He and the driver of his truck said that an officer, identified as Witt, came up to him and asked him what he was doing there, and after saying that he had told him (Glickman) not to come on the premises any more, he said, ''You are under arrest.'' Witt then took Glickman to the Company office. Glickman said the only person there was ''a tall man'' sitting at a desk, who looked like ''a bookkeeper or an assistant manager.'' This person, according to Glickman's evidence, talked with Witt and told him to take him to jail, which Witt did. Glickman and his driver said that they had never seen the ''tall man'' before or since the time of the arrest. There was no showing that Witt or the ''tall man'' were the employees or representatives of the Company. So it can be seen that there was an utter failure of proof that the Company had anything whatever to do with Glickman's arrest. It is obvious, therefore, that the action of the trial judge in granting the peremptory instruction in favor of the Company at the conclusion of Glickman's evidence was correct.

Glickman insists that this case should be governed by the opinion in Glickman v. Harlan Wallins Coal Company, 280 Ky. 477, 133 S. W. (2d) 718, 720. In that case Glickman made the same charge against the Wallins Company and its vice-president as he is making against the appellee herein. We said in that opinion that it was error for the trial judge to grant a peremptory instruction in favor of the defendants, because Glickman's evidence to the effect that the vice-president of the Company, whom he said he had known for several years, told the deputy sheriff to take Glickman to jail, constituted a ''scintilla of probative evidence or some substantial proof that plaintiff was wrongfully caused to suffer a false arrest and imprisonment,'' notwithstanding the strong testimony in favor of the defendants to the effect that they had no part in, and knew nothing of, the arrest. The distinction between the two cases is at once apparent. In the Wallins Company case there was the direct evidence for Glickman that the vice-president of the

Company, whom he identified, told the deputy sheriff to arrest him and take him to jail. In the case at bar there is no evidence whatever connecting Witt, the arresting officer, and the "tall man" with the Cornett Lewis Coal Company.

It follows, therefore, that the judgment should be and it is affirmed.